[Civ. No. 8309. First Appellate District, Division One.—December 12, 1932.]

C. S. AKERS, Appellant, v. G. D. HUFFORD et al., Respondents.

Henry St. Rayner for Appellant.

Edward T. Sherer and Welburn Mayock for Respondents.

KNIGHT, J. — Defendants obtained judgment against plaintiff for $5,000 on a cross-complaint, and plaintiff appeals.

The litigation grew out of a written contract whereby plaintiff purported to sell, assign and transfer to defendants the exclusive right to prospect and drill for, produce and market oil and gas pursuant to government permit from lands leased or about to be leased from the government. At the time of the execution of the contract defendants paid to plaintiff $5,000, and the contract called for an additional payment of $7,500, for which amount plaintiff brought suit. In their answer defendants denied the essential allegations of the complaint and as affirmative defense pleaded fraud and failure of consideration; and in their cross-complaint they asked for a rescission of the contract upon grounds similar to those urged in the affirmative de-

fense, and for the repayment to them of the $5,000 theretofore paid to plaintiff. At the commencement of the trial plaintiff moved for judgment on the pleadings, and the motion was denied; whereupon he rested his case. Defendants then proceeded to introduce evidence in support of their cross-complaint and plaintiff objected thereto upon the ground that said cross-complaint failed to set forth facts sufficient to constitute a cause of action or to warrant a rescission of the contract. The objection was overruled, and at the conclusion of the trial the court made findings in favor of defendants and entered judgment accordingly, for the repayment to them of said sum of $5,000.

Summarized, plaintiff's contentions for reversal are that the trial court erred in denying his motion for judgment on the pleadings and in overruling his objection to the introduction of evidence; and that the findings and judgment are not supported by the evidence.

The appeal was taken pursuant to the alternative method set up by section 953a of the Code of Civil Procedure; and as will be noted, the points urged by appellant on this appeal are based on the pleadings and the findings, and the claim of insufficiency of evidence; but aside from printing in his brief fragmentary parts of the cross-complaint, he has not set out in his brief or in any appendix thereto, any portions of the complaint, the answer or the findings; nor has he set out any of the evidence adduced at the trial, except certain portions of the documentary proof. However, in view of the circumstances related in an affidavit filed herein by plaintiff May 20, 1932, some two years after respondents' brief was filed, we have examined the entire record in connection with the points made by appellant and find no merit in any of the contentions upon which he seeks a reversal.

The denials of the answer and the matters pleaded as affirmative defense therein were obviously such as warrant the denial of the motion for judgment on the pleadings; and the allegations of the cross-complaint were legally sufficient to justify the trial court's ruling on plaintiff's objection to the introduction of evidence.

The substance of the two main findings upon which the trial court based its decision on the merits was as follows: First, that plaintiff did not perform his part of the contract in that he refused to have surveyed the larger

tracts of land or to point out on the ground the boundaries thereof, so that defendants might select therefrom the acreage upon which to start their drilling operations; and secondly, that defendants were induced to enter into said contract with plaintiff and to pay to him the $5,000 by the false representation made to them by plaintiff to the effect that he had a clear and unencumbered title to the rights he purported to sell to them. And the evidence is legally sufficient in our opinion to support both findings. The essential facts disclosed thereby are as follows: Three persons named La Dam, Siefert and Valencia obtained government permits to drill for oil on government lands. The La Dam permit covered 160 acres, the Siefert permit 200 acres and the Valencia permit 80 acres. Plaintiff secured contracts from the permittees to develop the oil properties on said lands, and soon afterward disposed of the drilling rights to approximately half of said lands to parties not here involved. Thereafter on December 20, 1923, upon the payment to him of $5,000 and the agreement to pay to him an additional $7,500 within six months, he entered into the contract in question here with the defendants whereby he purported to sell to them the exclusive right to develop 100 acres of the remaining portion of the permit lands. The contract provided, among other things, that defendants should select 20 acres of their lands from the Valencia tract, 30 acres from the La Dam tract and the remaining 50 acres from the Siefert tract; that they should make such selections at the earliest possible date, not exceeding thirty days, or within ten days if plaintiff so requested. The section corners of the lands covered by the permits had been marked by the government, but the boundaries were unsurveyed and undefined; consequently until they were so designated it was impossible for defendants to select the 100 acres upon which to start their drilling operations. In this regard the evidence shows plaintiff agreed to have said land surveyed, but that he failed to do so; also that he went upon the lands with defendants but was unable to point out or designate the boundaries within which the defendants might make their selection. The trial court was warranted in holding, therefore, that plaintiff failed to perform his

part of the contract. (*Simpson* v. *Schurra,* 91 Cal. App. 640 [267 Pac. 384].)

In support of the second finding evidence was introduced tending to show that prior to the execution of the contract with the defendants plaintiff's drilling rights in and to the Siefert and Valencia lands had been canceled by the permittees upon the ground of plaintiff's failure to comply with the terms and conditions of the contracts with said permittees; that thereupon Siefert resublet the drilling rights to his lands to one Skupen, who, unknown to defendants, was in possession of the property and operating the same at the time plaintiff entered into the contract with the defendants; furthermore evidence was adduced to show that prior to the execution of the contracts with defendants and unknown to them plaintiff's rights in the remaining lands had lapsed by reason of his failure, within the time granted by the government, to install upon some portion thereof as required by the express terms of the government permit, "a substantial and adequate drilling outfit and to commence actual drilling operations". Plaintiff introduced certain evidence tending to show that on the day preceding the expiration date fixed therefor by the government he did place on said land certain drilling equipment; but in this regard the evidence further shows and the trial court found that "plaintiff's purported compliance with the drilling clauses of said government permits were sham and were not entered into nor carried on in good faith".

██ Nor do we find any merit in plaintiff's contention that defendants were barred by laches from seeking rescission of the contract. ██ As held generally, the question of the existence of laches is one to be determined primarily by and must be left largely to the trial court; and the appellate court will not interfere with the exercise of the trial court's decision in the matter unless it appears that manifest injustice has been done, or its decision cannot reasonably be held to find support in the evidence. (10 Cal. Jur. 554.) The record in the present case shows that the contract sued upon was executed on December 20, 1923; that up to March, 1924, defendants were unable to make selection of their land because of plaintiff's failure to have a survey made; that during March they first learned of Skupen's claim to drilling rights on the Siefert property

and of the cancellation of plaintiff's contracts by Siefert and Valencia; that after spending considerable time trying to locate plaintiff they informed him of said adverse claims and that plaintiff told them it was "all right", that he would "fix it up" and return in a few days, which he failed to do. Plaintiff filed suit on August 14, 1924, and approximately two months later defendants filed their cross-complaint asking for a rescission of the contract. Under the foregoing circumstances it cannot be held as a matter of law, contrary to the trial court's conclusion, that defendants were guilty of laches. Moreover, if there was an unnecessary delay on the part of defendants in filing their cross-complaint, it does not appear that plaintiff suffered any prejudice to his rights by reason thereof.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.